IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Patrick Wayne Cross,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:21cv345 (AJT/JFA) |
| | ) | |
| **Justin Andrews,** | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION & ORDER

Petitioner Patrick Wayne Cross is a federal inmate serving a 144-month sentence at FCI-Petersburg for robbery, see 18 U.S.C. § 2111, and possessing with the intent to distribute heroin, see 21 U.S.C. § 841(a)(1). The Commonwealth of Virginia has lodged a detainer on Cross so that after he completes his federal sentence, he will be transferred to state custody to serve a three-year sentence for burglary, see Va. Code § 18.2-91, and grand larceny of a firearm, see id. § 18.2-95. Cross has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he urges this Court to order his state and federal sentences to run concurrently. [Dkt. No. 1]. Respondent moves for summary judgment. [Dkt. No. 6]. Cross has received the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), [Dkt. No. 6-1], and he has not responded. Because the execution of Cross's sentence does not run afoul of the laws, constitution, or treaties of the United States, respondent's motion will be granted, and the petition will be dismissed.

I. Background

Cross was arrested by, and taken into the custody of, the United States Marshals Service, on August 8, 2012, for the federal crimes of robbery and possessing with the intent to distribute heroin. [Resp't Ex. (REX) 1, Hodge Decl. ¶ 6 & Attach. 3]. While still in federal custody on June

14, 2013, Cross was charged in Salem County, Virginia, for the state crimes of statutory burglary, grand larceny of a firearm (two counts), possessing a firearm, and property damage. [Id., Hodge Decl. ¶ 7]. That same day, the Salem County Circuit Court imposed a three-year sentence for the burglary and grand larceny charges, and the remaining charges were entered *nolle prosequi*. [Id.]. The circuit judge ordered that the state sentences "shall run consecutively with . . . any other sentence imposed against the defendant in this Court or in any other Court." [Dkt 1-3]. Cross remained in federal custody throughout these state proceedings. [REX 1, Hodge Decl. ¶ 7]. The following year, on August 19, 2013, Cross pleaded guilty to the federal charges, and the U.S. District Court for the Western District of Virginia imposed a 204-month sentence for each charge, "to be served concurrently." [Id., Attach. 4]. Cross was remanded to the custody of the U.S. Marshals, with a recommendation that he receive drug treatment in prison and be confined at FCI Butner, North Carolina, or FCI Beckley, West Virginia. [Id.].

The duration of Cross's federal sentence later was reduced to 144-months' incarceration after the government sought a reduction based on Cross's substantial assistance. See Fed. R. Crim. P. 35(b). [REX 1, Attach. 5]. The Order amending the judgment states that "[a]ll other terms and conditions of the defendant's original sentence shall remain the same." [Id.].

Cross's projected release date from federal custody is October 29, 2022. [REX 1, Attach. 6]. This projection includes 376-days' credit for the time Cross spent in federal custody before he was convicted and sentenced: from August 8, 2012 through August 18, 2013. [Id., Attach. 6 & Hodge Decl. ¶ 10]. The Commonwealth of Virginia has lodged a detainer on Cross requiring his transfer to state custody to serve his three-year state sentence after his federal sentence is completed. [Id., Attach. 6].

In the § 2241 petition Cross challenges his federal sentence on the ground that it should be served concurrently with his state sentence. In support, he points out that the record is silent about whether his federal sentence should be served consecutively or concurrently with his state sentence. He further insists that the sentencing transcript reveals the federal judge's intent to have the sentences run concurrently.

## II. Standard of Review

In reviewing respondent's motion for summary judgment, the Court views all facts and makes reasonable inferences in the light most favorable to petitioner, the nonmoving party. See Eline v. Town of Ocean City, Md., 7 F.4th 214, 220 (4th Cir. 2021). "Summary judgment is appropriate when no genuine issue of material fact is in dispute and the moving party is entitled to judgment as a matter of law." Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (citing United States v. Leak, 123 F.3d 787, 794 (4th Cir. 1997)).

## III. Analysis

Respondent argues that Cross is not entitled to relief because the undisputed facts demonstrate that he is not in custody in violation of the constitution, laws, or treaties of the United States. In particular, respondent contends that the Bureau of Prisons (BOP) properly computed Cross's sentence, and, further, that the BOP has no authority to control how the Commonwealth of Virginia executes its sentence.

Summary judgment is warranted for respondent. Cross challenges the execution of his sentence, so his claim is properly brought in a § 2241 petition. See Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015). As relevant here, § 2241 provides relief to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. There are no facts in the record, let alone disputed ones, demonstrating that Cross's

3

sentence is being executed unlawfully. Cross rightfully observes that the federal sentencing order is silent on whether the federal sentence is to be served concurrently or consecutively with the state sentence. But "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," as was the case when the district court imposed the federal sentence, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The district judge did not order the sentences to run concurrently, so the presumption that the sentences run consecutively applies to Cross's federal and state sentences.

In an attempt to rebut this presumption, Cross urges that the sentencing transcript reveals that the federal judge "wanted to have my sentence run concurrent." [§ 2241 petition, at p. 7]. But Cross has not identified any pertinent testimony, and the Court cannot discern any. Cross's defense attorney asked the district judge "to run . . . three years of the 204 months . . . concurrently with the three years he had in the state sentence." [REX 2, at p. 5]. The district judge did not believe it had the authority to do that. [Id. at p. 6]. Contrary to Cross's contention, the district judge made no statement suggesting that, if he could, he would have ordered the federal sentence to run concurrent with the state sentence. Even assuming arguendo that the district judge misunderstood his authority, cf. Setser v. United States, 566 U.S. 231, 244–45 (2012) (holding that district court has discretion to order federal sentence to run consecutively to defendant's anticipated state sentence), Cross's sentence would not be illegal.

As respondent asserts, Cross's federal sentence was correctly calculated with the maximum amount of pretrial credit for time served. A sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served," see 18

4

U.S.C. § 3585(a), but no earlier than the date the sentence is imposed, see BOP Program Statement 5880.28, at p. 1-13 available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query (search for "5880.28"). Thus, Cross's sentence was correctly determined to start on August 19, 2013, the date it was imposed, with 376-days' credit for the time he spent in the U.S. Marshals' custody from the date of his arrest on August 8, 2012. [REX 1, Attach 6].

Finally, to the extent Cross seeks this Court to order the Commonwealth of Virginia to remove its detainer, the Court is without authority to do so in this habeas action. To challenge the Commonwealth's detainer, Cross must seek recourse with the state. "[W]hen a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not 'the person who [holds] him in what [is] alleged to be unlawful custody.'" Graham v. Brooks, 342 F. Supp. 2d 256, 261 (D. Del. 2004) (alterations in original) (quoting Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 494–95 (1973)). Rather, "the detainer, in effect, is a custodial hold of the issuing state," see Esposito v. Mintz, 726 F.2d 371, 373 (7th Cir. 1984), and a challenge to it may be brought by filing a writ of habeas corpus under 28 U.S.C. § 2254 against the court in which the detainer was lodged, see id; Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004).

Accordingly, it is hereby

ORDERED that respondent's motion for summary judgment [Dkt. No. 6] be and is GRANTED; and it is further

ORDERED that the § 2241 petition [Dkt. No. 1] be and is DISMISSED WITHOUT PREJUDICE to raising the issues presented in this petition in the proper forum.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A

written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal.

The Clerk is directed, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor of respondent; to send a copy of this Order to petitioner and counsel of record for respondent; and to close this civil action.

Entered this 22nd day of November, 2021.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge